U.S. DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>HUGO RIVERA, JAMES A. FULLER, AND )<br>190A MOUNT VERNON STREET LLC. )<br><br><br>Defendants. ) | CIVIL ACTION NO.:<br>1:22- |

## COMPLAINT FOR DECLARATORY RELIEF

### PRELIMINARY STATEMENT

1.    This Complaint for Declaratory Relief seeks a determination of the rights and responsibilities of the parties pursuant to a policy of insurance issued by the Nautilus Insurance Company to James A. Fuller and 190A Mount Vernon Street LLC as regards a pending personal injury law suit that Hugo Rivera has filed against them in the Suffolk County Superior Court seeking damages that he claims to have suffered while working as a roofer at 188 Mount Vernon Street in Boston as an employee of Avery General Construction.   For the reasons detailed below, said claims are subject to an exclusion for losses involving Contractors and Subcontractors (Form L282) and Nautilus should therefore be relieved of any continuing duty to defend or otherwise provide payment to or on behalf of its insureds for any judgment or settlement that may result from these claims.

### THE PARTIES

2.    Nautilus Insurance Company is an Arizona corporation that maintains a principal place of business at 7233 East Butherus Drive in Scottsdale, Arizona.

1

3.    Hugo Rivera is a Massachusetts citizen residing at 100 Waterhill Street, Apt. 2 in Lynn, Massachusetts.

4.    James A. Fuller is a Massachusetts citizen residing at 673 Central Avenue in Needham, Massachusetts.

5.    190A Mount Vernon Street LLC is a Massachusetts limited liability company domiciled at 673 Central Avenue in Needham, Massachusetts.

## JURISDICTION AND VENUE

8.    This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 et seq.  This court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship among the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

9.    Venue is proper in this judicial district and division because defendants are all located here and because the policy that is at issue in this case was issued in Massachusetts.

## STATEMENT OF THE CLAIM

### Statement of the Facts

10.    This controversy arises out of the construction of 188 Mount Vernon Street, a residential property located in Newton, Massachusetts.

11.    The property in question was owned by James Fuller, a licensed attorney and real estate developer.

12.    In 2019, Fuller acquired property located at 190 Mount Vernon Street with the intention of subdividing the property, refurbishing the existing home at 190 Mount Vernon Street and building a new home at 188 Mount Vernon Street.

13.    Fuller created 190A Mount Vernon Street, LLC for the purpose of developing this project.

14.    Fuller is the sole owner or principal and managing member of 190A Mount Vernon Street, LLC.

15.    Fuller hired Avery General Contracting to be the roofing subcontractor for this project.

16.    On August 10, 2019, Hugo Rivera was injured while working for Avery General Construction at 188 Mount Vernon Street.[1]

17.    In sworn answers to interrogatories, Rivera stated that he was injured when he fell off a metal roof at the rear of 188 Mount Vernon Street where he was doing welding work for Avery General Contracting.[2]

18.    On August 21, 2019, Avery General Contracting filed an Employer's First Report of Injury or Fatality for Rivera's accident, identifying Hugo River as its employee and the Ace American Insurance Company as its worker's compensation insurer.[3]

19..    As of October 21, 2021, Ace American had paid Hugo Rivera $88,259.22 in worker's compensation benefits for injuries suffered as a result of the August 10, 2019 accident[4]

---

[1] Plaintiff's December 16, 2020 response to Defendant 190A Mount Vernon Street's Interrogatory No. 2, attached as Exhibit A to this pleading.

[2] Plaintiff's December 16, 2020 response to Defendant 190A Mount Vernon Street's Interrogatory No. 3, attached as Exhibit A to this pleading.

[3] A copy of this Employer's First Report form is attached as Exhibit B to this pleading.

[4] The October 25, 2021 letter from Ace American to Nautilus asserting a notice of lien for $88,259.22 is attached as Exhibit C to this pleading.

20.     Following his accident, Rivera filed suit against James. A. Fuller and 190A Mount Vernon Street LLC in the Suffolk County Superior Court seeking damages for the injuries that he claims to have suffered on August 10, 2019.[5]

**The Nautilus Insurance Policy**

21.     At the time of the events in question, 190A Mount Vernon Street LLC was insured by Nautilus under Policy No. NC524674.[6]

22.     The "Who Is An Insured" section of this policy also confers coverage on James A. Fuller as a member of 190A Mount Vernon Street LLC but only with respect to his conduct of the business.

23..     Pursuant to the Insuring Agreement for this policy, Nautilus agreed to pay for the defense of suits seeking damages on account of accidental bodily injury or property damage as follows:

**COVERAGE A:  Bodily Injury and Property Damage**

**Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

---

[5] A true and accurate copy of Rivera's February 12, 2020 Amended Complaint is attached as Exhibit D to this pleading.

[6] A true and accurate copy of the Nautilus policy is attached as Exhibit E to this pleading.

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory".

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur…

24. This grant of insurance was subject to various exclusions and endorsements, including a Contractors and Subcontractors Endorsement (Form L282), which states that:

**EXCLUSION—CONTRACTORS AND SUBCONTRACTORS**

This insurance does not apply to "bodily injury," or "property damage", "personal and advertising" or medical payments arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

**Nautilus' Defense of Its Insured**

25.    Upon receiving a copy of the Rivera Complaint from its insured's broker, Nautilus agreed to defend James. A. Fuller and 190A Mount Vernon Street LLC and appointed the Melick & Porter law firm to represent their interests subject to a reservation of rights, including whether these claims were excluded by the L282 "Contractor and Subcontractor" exclusion endorsement as involving a claim for bodily injury "arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured…"

26.    The Rivera suit remains pending in the Suffolk County Superior Court and is not yet scheduled for trial.

## V. CLAIM FOR DECLARATORY RELIEF

27.    Nautilus, realleges and incorporates by reference the allegations contained in Paragraphs 1-26 of its Complaint as if fully set forth herein.

28.    The Contractors and Subcontractors Endorsement (Form L282) in the Nautilus Policy states that:

This insurance does not apply to "bodily injury," or "property damage", "personal and advertising" or medical payments arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

29.    Hugo Rivera's claims are excluded because they arose out of work that was being performed at the 188 Mount Vernon Street site by subcontractor Avery General Construction.

30.    Because the L282 endorsement applies to these claims, Nautilus has no duty to defend or otherwise afford coverage to James A. Fuller and 190A Mount Vernon Street, LLC and a judgment should enter relieving Nautilus of these duties.

**WHEREFORE**, Plaintiff Nautilus Insurance Company respectfully requests that this Honorable Court declare and adjudicate the rights, duties and responsibilities of the parties under the terms and provisions of Policy No. NC524674 and issue a declaration that this policy does do not provide coverage for the claims that Hugo Rivera has brought against James A. Fuller and/or 190A Mount Vernon Street, LLC. and that Nautilus therefore has neither a duty to defend James A. Fuller and/or 190A Mount Vernon Street, LLC., nor a duty to indemnify them for any settlement or judgment for Hugo Rivera as well as for other and further relief as this Honorable Court deems just and proper.

PLAINTIFF,
**NAUTILUS INSURANCE COMPANY**

**By its attorney,**

By:    /s/ Michael Aylward
Michael F. Aylward, BBO #024850
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA  02210
Tel: (617) 439-7556
Fax: (617) 342-4913
*maylward@morrisonmahoney.com*

Dated:   April 20, 2022